**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1582**

ITZEL SOLANGE RAMOS-BONILLA,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 16, 2021                    Decided: February 24, 2021

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Jonathan S. Greene, GREENE LAW FIRM, LLC, Columbia, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Sabatino F. Leo, Senior Litigation Counsel, D. Nicholas Harling, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Itzel Solange Ramos-Bonilla, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) decision denying Ramos-Bonilla's applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss in part and deny in part the petition for review.

Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Ramos-Bonilla first contends that the IJ lacked jurisdiction over the removal proceedings because her notice to appear did not designate a date and time for her removal hearing. Because Ramos-Bonilla failed to exhaust this claim before the Board, we dismiss in part the petition for review for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1) (providing that a court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right"); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

Turning to Ramos-Bonilla's challenges to the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture, we have thoroughly reviewed the record, including the transcript of the merits hearings and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the Board's decision, *see INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992); *Dankam v. Gonzales,* 495 F.3d 113, 124 (4th Cir. 2007). We therefore

2

deny this portion of the petition for review for the reasons stated by the Board. *In re Ramos-Bonilla* (B.I.A. Apr. 24, 2018).

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*DENIED IN PART*